```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | HONORABLE JOSEPH E. IRENAS |
| v. : | CRIMINAL ACTION No. 04-774 (JBS) |
| DQUAN ROSARIO : | **OPINION** |

**APPEARANCES:**

Camelia M. Valdes, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
    Counsel for the United States of America

Dquan Rosario, *pro se*
Reg. No. 25705-050
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

**IRENAS**, Senior District Judge:

Before the Court is a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by Defendant Dquan Rosario ("Rosario"). For the reasons that follow, the Court will grant the Motion.

**I.**

On October 27, 2004, Rosario pled guilty to a one-count information for intent to distribute and distribution of fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Pursuant to 21 U.S.C. § 841(b)(1)(A), Rosario was subject to a mandatory minimum prison sentence of ten years.

This Court determined that the applicable total offense level ("TOL") for Rosario's conduct was 33 and the applicable criminal history category ("CHC") was II, which corresponded to a recommended prison term of 151 to 181 months under the then-applicable version of the United States Sentencing Guidelines ("Guidelines").[1]  In assessing the appropriate sentence for Rosario's conduct, this Court performed the analysis mandated by *United States v. Booker*, 543 U.S. 220 (2005).  On May 26, 2005, Rosario was sentenced to 123 months of incarceration.

This Court granted a downward variance to Rosario for two reasons.  First, Rosario was credited for time served on a state sentence arising from the same events leading to his federal conviction.  Second, this Court recognized Rosario's efforts to cooperate with the Government, even though those efforts did not merit a departure under § 5K1.1 of the Guidelines.

Rosario now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Rosario's *pro se* motion does not specify the extent of the reduction he is seeking.

## II.

Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment imposed upon a Defendant "based on a sentencing range that has subsequently been lowered by the Sentencing

---

[1]  The applicable version of the Sentencing Guidelines were those effective as of November 1, 2004.

Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Williams*, 282 F.App'x 119, 122 (3d Cir. 2008) (quoting 18 U.S.C. § 3582(c)(2)). On November 1, 2007, the Sentencing Commission adopted Amendment 706 to the Guidelines, the general effect of which is "to decrease by two levels the base offense levels for crack cocaine offenses." *Id.* at 121 (quoting *United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008)). "Amendment 706 became retroactive as of March 3, 2008." *Id.*

In the context of a § 3582(c)(2) resentencing, courts are generally precluded from reducing a defendant's term of imprisonment below the minimum of the amended guidelines range. U.S.S.G. §1B1.10(b)(2)(A). An exception to that principle applies when a defendant's original sentence was below the then-applicable guideline range. U.S.S.G. §1B1.10(b)(2)(B). In such a case, a comparable downward variance from the amended guidelines range is permitted. *Id.* If the original term of imprisonment was a "a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005) a further reduction generally would not be appropriate." U.S.S.G. §1B1.10(b)(2)(B). Reduction of an eligible defendant's sentence "is not automatic and is left within the discretion of the District Court." *United States v. Nabried*, No. 08-2480, 2009

3

WL 325761, at *2 (3d Cir. Feb. 11, 2009) (citing 18 U.S.C. § 3582).

### III.

As recalculated, Rosario's TOL is 31 and his CHC remains II, corresponding to a recommended prison term of 121 to 155 months. The Government does not oppose Rosario's Motion, insofar as he seeks resentencing based on an amended guideline range of 121 to 155 months.

The Court is not authorized to resentence Rosario to a prison term of less than 120 months, the mandatory minimum sentence for his offense. *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008) ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."); *see also United States v. Black*, 523 F.3d 892, 892-93 (8th Cir. 2008). After considering the pertinent factors,[2] the Court exercises its discretion to reduce Rosario's sentence from 123 months to 120 months.

---

[2] Those factors included: (1) the 18 U.S.C. § 3553(a) factors consistent with § 3582(c)(2); (2) public safety considerations; and (3) defendant's post-sentencing conduct. U.S.S.G. §1B1.10, Application Note 1(B).

4

**IV.**

For the reasons set forth above, the Court will grant Rosario's Motion and reduce his sentence from 123 months to 120 months.  The Court will issue an appropriate Order.


Dated:    March   17  , 2009


                                         s/ Joseph E. Irenas
                                        **JOSEPH E. IRENAS, S.U.S.D.J.**